IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LOURDES ORTEGA,

        Plaintiff,

v.

GIGI POMERANTZ, an individual, and
BARTON & ASSOCIATES, INC., a
foreign corporation,

        Defendants.

No. 3:18-cv-00451-HZ

OPINION & ORDER

Paul H. Krueger
PAUL KRUEGER LAW FIRM, PC
4380 SW Macadam Avenue, Suite 450
Portland, OR 97239

    Attorney for Plaintiff

Alexander S. Wylie
PREG O'DONNELL & GILLETT, PLLC
222 SW Columbia Street, Suite 650
Portland, OR 97201

    Attorney for Defendant Barton & Associates

HERNÁNDEZ, District Judge:

Plaintiff Lourdes Ortega brings claims for negligence and negligence per se against Defendants Gigi Pomerantz and Barton & Associates, Inc. and a claim for negligent entrustment against Defendant Barton & Associates. Defendant Barton & Associates moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6).[1] For the reasons that follow, the Court grants in part and denies in part Defendant Barton & Associates' Motion to Dismiss.

## BACKGROUND

Defendant Barton & Associates ("Defendant") is a "Delaware corporation with its principal place of business in Massachusetts." Indresano Decl. ¶ 2, ECF 5. Defendant "identifies open locum tenens positions at medical facilities and then pairs the medical facilities with one or more health care providers, who may fill various temporary clinical roles based on individual medical facility and community needs." *Id.* at ¶ 3. Defendant states that it does not own any property in Oregon or have any employees, offices, or assets in Oregon. *Id.* ¶ 5. According to Defendant, less than 2% of Barton's total revenue comes from Oregon locum tenens clients, "[l]ess than 1% of providers in Barton's database indicate they reside in Oregon," "[l]ess than 2% of the medical facilities in Barton's database are located in Oregon," and "[o]nly 1.32% of the locum tenens assignments Barton has ever coordinated have been to medical facilities in Oregon." *Id.* at ¶¶ 6–8. Defendant contends that "not even a single Barton employee entered the State of Oregon for business prior to the date of the accident in this case." *Id.* at ¶ 9.

Defendant contracted with One Community Health of Hood River, Oregon, to provide locum tenens—or temporary—health care providers to the health center. *Id.* at Ex. 2. Per the agreement, One Community Health agreed to:

---

[1] Defendant Pomerantz answered on March 23, 2018, and does not join in this motion to dismiss. Answer, ECF 6.

> "review and verify Ms. Pomerantz's credentials and background, participate in any risk management activities related to her services, set Ms. Pomerantz's work schedule, pay for all reasonable and necessary travel expenses, provide clinical and professional direction and oversight for Ms. Pomerantz, and comply with all applicable legal requirements regarding Ms. Pomerantz's services such as HIPAA, OHSA, Medicare and Medicaid, and industry guidelines."

Def. Mot. 5, ECF 4 (citing Indresano Decl. Ex. 2). Defendant agreed to "assist with pre-placement procedures such as drug testing and background checks and to provide malpractice insurance covering Ms. Pomerantz." *Id.* at 6 (citing Indresano Decl. Ex 2. at 2). Defendant also provided weekly invoices to the health center based upon the weekly time sheets of its locum tenens providers. Indresano Decl. Ex. 2 ¶ 2.

Defendant Pomerantz, a resident of Wisconsin at the time the facts underlying this action arose, *id.* at Ex. 1 ¶ 1,[2] contracted with Defendant to provide temporary health services as a Nurse Practitioner, *id.* at Ex 1 at 9. The agreement with Defendant Pomerantz is titled "Independent Contractor Agreement" and states that "[N]othing in this Agreement shall in any way be construed to render IC an agent, employee or representative of Barton." *Id.* at 3. Per the agreement, Defendant would reimburse Defendant Pomerantz for travel and lodging expenses while on assignment. *Id.* at 10 ¶ 5. The agreement also required Defendant Pomerantz to provide Defendant with a time sheet at the end of each week verified by the health center in order to receive payment. *Id.* at 9 ¶ 4. Defendant Pomerantz began her locum tenens service at the health center in Hood River, Oregon, on February 29, 2016. *Id.* at Ex. 3.

On February 28, 2016, Defendant Pomerantz—while driving a car rented through Avis Rent A Car System, Inc.—collided with a vehicle operated by Plaintiff, a resident of Oregon. Notice of Removal Ex. 5 ("Compl.") ¶¶ 6–7, ECF 1; Compl. at ¶ 5. Plaintiff contends that Defendant Barton & Associates "rented and obtained" the rental car and "granted permission to

---

[2] At the time of filing, Defendant Pomerantz was a resident of the State of Washington. Notice of Removal ¶ 7.

and generally entrusted defendant Gigi Pomerantz with possession and control of the vehicle." Compl. ¶ 15; *see also* Compl. ¶ 6 (alleging that either Defendant or Defendant Pomerantz—acting in the course and scope of her agency with Defendant—rented the car); Indresano Decl. ¶ 10 (admitting that Defendant had agreed to reimburse Defendant Pomerantz for the expense of the rental car). Plaintiff alleges that the collision was caused by the negligence of Defendant Pomerantz, who she alleges was acting in the "course and scope of her agency/employment with Defendant Barton & Associates" at the time of the accident. Compl. ¶¶ 5, 7. As a result of the accident, Plaintiff sustained physical injuries, including injuries to her back and knee, and incurred economic and noneconomic damages associated with her injuries. Compl. ¶¶ 19–21.

## STANDARDS

### I. Failure to State a Claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n, Inc. v. City & Cnty. of S.F.*, 277 F.3d 1114, 1120 (9th Cir. 2002). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In other words, a complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

However, the court need not accept conclusory allegations as truthful. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept

as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.") (internal quotation marks, citation, and alterations omitted). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

## II. Personal Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal on the grounds that the court lacks personal jurisdiction. Plaintiff has the burden of showing personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

> If the district court decides the motion without an evidentiary hearing, which is the case here, then the plaintiff need only make a prima facie showing of the jurisdictional facts. Absent an evidentiary hearing this court only inquires into whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction. Uncontroverted allegations in the plaintiff's complaint must be taken as true. Conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor.

*Id.* (citations, internal quotation marks, and brackets omitted).

In diversity cases, the court looks to the law of the state in which it sits to determine whether it has personal jurisdiction over the non-resident defendant. *W. Helicopters, Inc. v. Rogerson Aircraft Corp.*, 715 F. Supp. 1486, 1489 (D. Or. 1989); *see also Boschetto*, 539 F.3d at 1015 ("When no federal statute governs personal jurisdiction, the district court applies the law of the forum state.").

Oregon Rule of Civil Procedure (ORCP) 4 governs personal jurisdiction issues in Oregon. Because Oregon's long-arm statute confers jurisdiction to the extent permitted by due process, *Gray & Co. v. Firstenberg Mach*. Co., 913 F.2d 758, 760 (9th Cir. 1990) (citing ORCP 4L; and *Oregon ex rel. Hydraulic Servocontrols Corp. v. Dale*, 294 Or. 381, 657 P.2d 211 (1982)), the court may proceed directly to the federal due process analysis, *see Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd*., 328 F.3d 1122, 1129 (9th Cir. 2003) (when state long-arm statute reaches as far as the Due Process Clause, the court need only analyze whether the exercise of jurisdiction complies with due process); *see also Millennium Enters., Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907, 909 (D. Or. 1999) (because Oregon's catch-all jurisdictional rule confers personal jurisdiction coextensive with due process, the analysis collapses into a single framework and the court proceeds under federal due process standards).

To comport with due process, "the non-resident generally must have 'certain minimum contacts [with the forum state so that the exercise of jurisdiction] does not offend traditional notions of fair play and substantial justice.'" *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). The forum state may exercise either general or specific jurisdiction over a non-resident defendant. *Boschetto*, 539 F.3d at 1016.

## DISCUSSION

### I. Motion to Dismiss for Failure to State a Claim

Defendant moves to dismiss Plaintiff's claims for negligence and negligence per se on the grounds that Defendant Pomerantz was not an employee of Defendant or acting in the scope of her alleged employment. Def. Mot. 7. Defendant also moves to dismiss Plaintiff's negligent entrustment claim as Plaintiff's allegations "seem to have been created out of thin air." *Id.* at 8.

Plaintiff responds that dismissal at this stage of the litigation is inappropriate as the issue of whether an individual is an independent contract or an employee is a fact-intensive inquiry requiring discovery. Pl. Opp'n 4–5, ECF 7. While the Court agrees with Plaintiff that a legal determination of Defendant Pomerantz's employment status is inappropriate at this stage in the proceedings, a review of the Complaint demonstrates that Plaintiff has not sufficiently pled her claims.

      A. Negligence & Negligence Per Se

Under Oregon law, Plaintiff must demonstrate five elements to succeed on a common-law negligence claim:

> (1) that defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of plaintiff's harm, and (5) that plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent.

*Son v. Ashland Cmty. Healthcare Servs.,* 239 Or. App. 495, 506, 244 P.3d 835 (2010) (citing *Solberg v. Johnson*, 306 Or. 84, 490–91, 760 P.2d 867 (1988)). Where a defendant is alleged to have violated a law or ordinance, the defendant is alleged to have been negligent per se. *See Barnum v. Williams*, 264 Or. 71, 74, 504 P.2d 122 (1972) ("We have repeatedly held that violation of a law or ordinance is negligence or contributory negligence in itself, i.e., per se."). With some exceptions, "the question of whether the actor acted as a reasonably prudent person is irrelevant; the only question is, did the actor violate the statute?" *Id.* at 75–78 (finding "fault" a relevant factor in whether a defendant was negligent per se in automobile litigation).

"In general, a principal is liable for all torts committed by its employees while acting within the scope of their employment." *Vaughn v. First Transit, Inc.*, 346 Or. 128, 137, 206 P.3d 181 (2009) (citing *Minnis v. Oregon Mutual Ins. Co.*, 334 Or. 191, 201, 48 P.3d 137 (2002)). But

7- OPINION & ORDER

"ordinarily, a principal is not liable for the negligence of a nonemployee, because a principal generally does not have the requisite right of control over those nonemployee agents." *Eads v. Borman*, 351 Or. 729, 738, 277 P.3d 503 (2012). Only when "the principal actually or apparently had a right of control over the agent's injury-causing actions similar to the control that an employer exercises over an employee" will a principal be liable for the negligence of a non-employee agent. *Id.* at 739 (internal citations and quotations omitted).

Whether an individual is an employee under Oregon law is determined by the "right to control" test. *Vaughn*, 346 Or. at 137. Courts ask whether the individual "is a person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or right to control." *Schaff v. Ray's Land & Sea Food Co., Inc.*, 334 Or. 94, 100, 45 P.3d 936 (2002) (citing Restatement (Second), Agency § 220(1) (1958)). Though the determination is a "legal conclusion," it "depends on a factual determination of the extent to which the purported employer has the right to control the performance of services by an individual." *Id.* at 99–100. While the terms of an agreement describing an individual as an "independent contractor" are not dispositive, "they are evidence of such a relationship." *Id.* at 104 (citing *Jenkins v. AAA Heating & Cooling, Inc.*, 245 Or 382, 384–85, 421 P.2d 971 (1966)).

Here, the Court declines to find that, as a matter of law, Plaintiff is an independent contractor. Because the determination of whether an agency or employment relationship exists is a fact-intensive inquiry, Defendant's motion requires the Court to look at information outside of the Complaint. Such a determination is inappropriate at this stage of the proceedings where neither party has had the opportunity to conduct discovery. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[W]hen the legal sufficiency of a complaint's allegations is

tested by a motion under Rule 12(b)(6), review is limited to the complaint . . . . Indeed, factual challenges to a plaintiff's complaint have no bearing on the legal sufficiently of the allegations under Rule 12(b)(6)."). Further, Defendant relies heavily on the contents of the independent contractor agreement, which Oregon courts have found is not conclusive evidence as to whether such a relationship exists. *Schaff,* 334 Or. at 104.

In reviewing the Complaint, however, the Court finds that Plaintiff has not stated sufficient facts from which it could find that Defendant Pomerantz was an employee or agent of Defendant for vicarious liability purposes. Plaintiff's allegations in this regard are entirely conclusory, stating that Defendant employs nurse practitioners and that Defendant Pomerantz was employed as a nurse practitioner by Defendant. Compl. ¶¶ 4–5. As described above, employment status under Oregon law is determined by the "right to control" test, but Plaintiff has not alleged any facts from which the Court could conclude that Defendant had such a right. *See Ybarra v. John Bean Techs. Corp.*, No. CV-F-11-0288 LJO SMS, 2011 WL 1596121, at *3–4 (E.D. Cal. April 27, 2011) (granting a motion to dismiss where the plaintiff alleged he was an independent contractor but did not allege facts to support that contention under California law). Accordingly, Defendant's Motion to Dismiss Plaintiff's claims for negligence and negligence per se is granted, but Plaintiff will be given the opportunity to amend her complaint to state sufficient factual allegations from which the Court could reasonably infer that Plaintiff is an employee of Defendant.

B. Negligent Entrustment

Under Oregon law, "[a] plaintiff in a negligent entrustment case must prove that there was an entrustment and that the entrustment was negligent." *Piskorski v. Ron Tonkin Toyota, Inc.*, 179 Or. App. 713, 718–19, 41 P.3d 1088 (2002) (citing *Mathews v. Federated Service Ins.*

*Co.*, 122 Or. App. 124, 133, 857 P.2d 852 (1993)). Where there is no special relationship between the plaintiff and the defendant, the plaintiff has to "allege that [the defendant's] entrustment was unreasonable under the circumstances, that it caused harm to plaintiff and that the risk of harm to plaintiff (or the class of persons to whom he belongs) was reasonably foreseeable." *Mathews*, 122 Or. App. at 133–34. Further, in order to show that there has been negligent entrustment, the plaintiff must demonstrate that the defendant "owned, possessed, or otherwise exercised control" over the vehicle. *See Barber v. George*, 144 Or. App. 370, 374, 927 P.2d 140 (1996) ("Because plaintiffs failed to show that defendants owned, possessed, or otherwise exercised control over the Bronco, their claim for negligent entrustment necessarily fails.").

Defendant argues that Plaintiff fails to state a claim for relief for negligent entrustment against Defendant. Defendant emphasizes that the rental car company was the owner of the vehicle, and the rental car company, not Defendant, was "responsible for following its procedures to ensure that Pomerantz met the requirements to rent a vehicle from Avis." Def. Reply 5, ECF 8; Def. Mot. 8. It argues that Defendant "could not 'entrust' Pomerantz with a vehicle it did not own or have any control over." Def. Reply 5. Further, it notes that Defendant did not train or require Plaintiff to drive or do anything related to her position in Oregon. Def. Mot. 8.

Here, Plaintiff has failed to adequately state a claim for negligent entrustment. The only non-conclusory allegation in Plaintiff's complaint on this claim is that Defendant either rented the car for Defendant Pomerantz or facilitated her use of it. Compl. ¶¶ 5, 15. Plaintiff has not alleged any factual support for its claim that Defendant "knew or should have known" Defendant Pomerantz was a dangerous driver. Though Plaintiff alleges that Defendant Pomerantz's duties

included driving the car in question, it does not allege any facts that suggest Defendant would or should have known that Defendant Pomerantz was a driver lacking the "maturity, licenses, skills, or competency to safely operate a motor vehicle" prior to entrusting the vehicle to her. Compl. ¶¶ 16; *see Mathews,* 122 Or. App. at 134–35 (affirming the trial court's dismissal where there were no allegations that would support an inference that the individual was a dangerous driver or that the defendant had a duty to investigate his record).

Further, there are no facts alleged to suggest that Defendant had ownership or control over the vehicle such that it was Defendant's vehicle to entrust to Defendant Pomerantz. Plaintiff alleges that Defendant facilitated the rental of the vehicle but does not allege that Defendant owned it. Compl. ¶¶ 5, 15. Nor does Plaintiff allege that Defendant had control over the vehicle such that they could have prevented Defendant Pomerantz from obtaining it. *See Barber*, 144 Or. App. at 372, 374 (affirming the trial court's decision to grant summary judgment to the defendants on the plaintiff's negligent entrustment claim where the defendants had provided their son with money to purchase a vehicle but hat not otherwise "owned, possessed, or exercised control over" the vehicle). Accordingly, this claim is also dismissed.

## II. Motion to Dismiss for Lack of Personal Jurisdiction

Defendant moves to dismiss all of Plaintiff's claims on the grounds that this Court does not have personal jurisdiction over Defendant. In support of this argument, Defendant emphasizes the limited business contacts that Defendant has with the State, including the relatively low percentage of its revenue derived from business in Oregon and the fact that no employee had—prior to the date of the accident—entered the forum state. Def. Mot. 13. Plaintiff responds by emphasizing that Defendant Pomerantz's presence and Plaintiff's subsequent

injuries in Oregon were the result of Defendant's independent coordination with an Oregon business. Pl. Opp'n 11, 15.

The plaintiff has the burden of making a prima facie showing of personal jurisdiction. *Boschetto*, 539 F.3d at 1015. "[U]ncontroverted allegations in [the plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor." *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002). "[A]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Mulato v. Wells Fargo Bank, N.A.,* 76 F. Supp. 3d 929, 946 (N.D. Cal. 2014).

A court has specific jurisdiction where "the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities."[3] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks and citations omitted). The Ninth Circuit uses a three-part test to determine if a party has sufficient minimum contacts to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). The plaintiff bears the burden on the first two

---

[3] Neither party contends that Defendant is subject to the Court's general jurisdiction.

parts of the test. *Id.* If the plaintiff succeeds, "the burden shifts to the defendant to 'set forth a "compelling case" that the exercise of jurisdiction would not be reasonable.'" *Id.* at 1212 (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011)).

Given the procedural posture and unusual facts of this case, the Court finds that Plaintiff has met her burden of making a prima facie showing of purposeful availment and a connection between Defendant's forum-related activities and Plaintiff's negligence claims. Because Defendant has failed to present a "compelling case" showing that exercise of personal jurisdiction over it would be unreasonable, all three prongs support a finding of specific personal jurisdiction over Defendant as to Plaintiff's claims.

A. Purposeful Availment

The first prong of the Ninth Circuit's test to establish specific jurisdiction can be satisfied in two ways: either the non-resident defendant must purposefully direct his activities at the forum state, or the defendant must purposefully avail himself of the privilege of conducting activities in the forum. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010). Purposeful availment is most often applied to contract claims, while purposeful direction is most often applied to tort claims. *Id.* (citing *Schwarzenegger*, 374 F.3d at 802). However, courts in the Ninth Circuit apply the purposeful availment test to negligence claims. *See Holland Am. Line Inc. v. Wartsilia N. Am., Inc.* 485 F.3d 450, 460 (9th Cir. 2007) (noting that the *Calder* test applies to intentional torts, not breach of contract and negligence claims); *see also Bartel v. Tokyo Elec. Power Co., Inc.*, No. 17-CV-1671-JLS (JLB), 2018 WL 312701, at *4 (S.D. Cal. Jan. 5, 2018) (noting the purposeful direction test applies to intentional torts, not negligence claims); *Carmen v. Breville USA, Inc.*, No 1:15-CV-00117-EJL-CWD, 2017 WL 1197678, at *4 (D. Idaho Mar. 30, 2017) (same); *Sutcliffe v. Honeywell Int'l, Inc.*, No. CV-13-01029-PHX-PGR,

13- OPINION & ORDER

2015 WL 1442773, at *7 (D. Ariz. Mar. 30, 2015) (noting that the Ninth Circuit as "at least in some cases, limited the use of the [the purposeful direction] test to claims involving intentional torts.").

The "purposeful availment" analysis asks whether a defendant has "purposefully availed himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Picot,* 780 F.3d at 1212 (quoting *Schwarzenegger*, 374 F.3d at 802) (alterations omitted). The "[p]urposeful availment analysis examines whether the defendant's contacts with the forum are attributable to his own actions or are solely the actions of the plaintiff." *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988). "In order to have purposefully availed oneself of conducting activities in the forum, the defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business with the forum state." *Id.*; *see also Walden*, 134 S. Ct. at 1122 (emphasis in original) (quoting *Burger King*, 471 U.S. at 475) (noting that the relationship with the forum must arise out of contacts that the "defendant *himself*" creates with the forum). "A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Schwarzenegger*, 374 F.3d at 802.

Under the specific circumstances of this case, the Court finds that Defendant could "reasonably anticipate being haled into court" in Oregon. *See Sutcliffe*, 2015 WL 1442773, at *7 (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)). In August of 2015, Defendant entered into a contract with One Community Health in Hood River, Oregon. Indresano Decl. Ex. 2 at 4. This contract created ongoing obligations to the forum state to provide health care providers to an Oregon business on a temporary basis. *Id.* at ¶ 1. Per their

agreement, Defendant invoiced One Community Health on a weekly basis based upon the time sheets provided by health care providers Defendant helped place at the Oregon health center. *Id.* at ¶ 2. Defendant was responsible for assisting the health center with pre-placement procedures and maintaining malpractice insurance for the health care providers assigned under their agreement. *Id.* at ¶¶ 4.1–4.2. Relevant to this case, in January of 2016, Defendant fulfilled the contract by providing the health center with the services of Defendant Pomerantz for a period of two months in Oregon. *Id.* at Ex. 1 at 9 ¶ 2. Indeed, Defendant states that Defendant Pomerantz was presumably in Hood River, Oregon, as a result of this placement on the day of the accident, Def. Mot. 6, and Plaintiff alleges that Defendant Pomerantz was acting in the course and scope of her "agency/employment" at the time of the accident, Compl. ¶ 6. Defendant also required Defendant Pomerantz to provide a time sheet at the end of each week verified by the health center in order to receive payment for her services. Indresano ¶ 10, Ex. 1 at 9 ¶ 4.

In other words, Defendant's connections with the state in this case were not the result of "random, fortuitous, or attenuated" contacts made by affiliates of the state. *Walden,* 134 U.S. 1115, 1123 (2014) ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." (internal citations omitted)). Nor were they the result of the actions of Plaintiff. Rather, Defendant reached out to the forum and created an ongoing obligation with an entity in the forum and placed an individual (alleged to be Defendant's employee) in the forum for a period of time. Under these limited circumstances, it is reasonable that Defendant should anticipate being haled into court in Oregon in connection with Defendant's activities that touch upon the state. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011) (The defendant "submits to the judicial power of an

otherwise foreign sovereign to the extent that such power is exercised in connection with the defendant's activities touching on the State.").

B. Relation Between the Claim and Defendant's Forum-Related Activities

"To determine whether a claim arises out of forum-related activities, and satisfy the second part of the Ninth Circuit test, courts apply a 'but for' test." *Walker & Zanger Ltd. v. Stone Design S.A.*, 4 F. Supp. 2d 931, 939 (C.D. Cal. 1997) (internal citations omitted). This standard is satisfied when the plaintiff's claim would not have arisen in the absence of the defendant's contacts. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995) (citing *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385–86 (9th Cir.1990), *rev'd on other grounds* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991)). Thus, the question here is "but for Defendant's contacts with Oregon, would Plaintiff's negligence claims against Defendants have arisen?"

In this case, Plaintiff's claims arise out of Defendant's forum related activities. Plaintiff would not have a claim for negligence against either Defendant in the absence of Defendant's contacts with Oregon. Had Defendant not entered into a contract with an Oregon business and facilitated the placement of Defendant Pomerantz in Oregon, the allegedly negligent driving of Defendant Pomerantz—a purported agent or employee of Defendant—would not have occurred in Oregon. Defendant even acknowledges that Defendant Pomerantz "was visiting Oregon presumably in preparation to begin her temporary assignment as an independently contracted nurse practitioner for One Community Health." Def. Mot. 6. Accordingly, this prong of the test is satisfied.

C. Reasonableness of Exercise of Jurisdiction

Under the Ninth Circuit test for the exercise of specific personal jurisdiction, once the plaintiff has established a prima facie showing of personal jurisdiction, the burden shifts to the

defendant to present a "compelling case" that the exercise of personal jurisdiction would be unreasonable. In determining whether the exercise of jurisdiction comports with "fair play and substantial justice" and is therefore reasonable, the court weighs seven factors:

> (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*CollegeSource*, 653 F.3d at 1079.

Defendant does not directly address all the factors and, instead, only generally reemphasizes the limited presence it has in Oregon and the value of Defendant's business in providing health care services to communities in need. Def. Mot. 13–14. Given the limited argument and evidence presented by Defendant on this prong of the analysis, the Court finds that it has not met its burden in showing that there is a compelling case for finding the exercise of jurisdiction here unreasonable. Even addressing each factor, however, the Court finds five of the seven factors support a finding of reasonableness.

The purposeful interjection analysis involves the same analysis as the purposeful availment prong and is therefore redundant. *Roth v. Garcia Marquez,* 942 F.2d 617, 623 (9th Cir. 1991). As described above, Defendant has purposefully availed itself of doing business in the forum. This factor weighs in favor of reasonableness.

Neither party makes a clear argument regarding the burden Defendant would face in defending this action in Oregon. Defendant may face some burden in defending this action here as opposed to Massachusetts, its principal place of business. *Menken v. Emm*, 503 F.3d 1050, 1060 (9th Cir. 2007) ("Undoubtedly, it would be more burdensome for [the defendant] to litigate in Arizona than in neighboring Nevada, where [she] resides and has her principal place of

business. Nevertheless, with the advances in transportation and telecommunications and the increasing interstate practice of law, any burden is substantially less than in days past." (internal citations and quotations omitted)). However, the accident and evidence associated with it is located in Oregon. Thus, absent additional evidence, this factor does not weigh heavily in favor of finding jurisdiction unreasonable.

As to the extent of conflict with the sovereignty of a foreign state, there is no evidence that this litigation—involving a car accident that occurred in Oregon—would interfere with the sovereignty of Massachusetts. This factor therefore supports a finding of reasonableness.

As to the forum state's interest in adjudication, Oregon has a substantial interest in adjudicating negligence claims that harm one of its residents, and Massachusetts does not have the same interest because Defendant purposefully availed itself of the benefit of doing business in Oregon. Defendant has not alleged that Massachusetts has a superseding interest in the litigation. The Court therefore finds that Oregon has a greater interest in adjudicating these claims.

In considering the most efficient judicial resolution, this factor largely tracks the burdens analysis. Because the accident central to this case occurred in Oregon and there is no evidence indicating that it would be more efficient to resolve this action in outside of Oregon, this factor weighs in favor of finding jurisdiction reasonable.

The convenience and effectiveness of relief for Plaintiff favors a finding of personal jurisdiction. Plaintiff sustained her injuries in this forum and documentary evidence relating to Plaintiff's injuries is in this forum as well. *CE Distribution v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004) ("[l]itigating in one's home forum is obviously most convenient."). As to

the availability of an alternate forum, this factor is neutral. Plaintiff could bring this case against Defendant in Massachusetts if she so desired.

## CONCLUSION

Defendant Barton & Associates' Motion to Dismiss [4] is granted in part and denied in part. Plaintiff's claims for negligence, negligence per se, and negligent entrustment are dismissed. Plaintiff shall have 30 days from the date of this Order to file an amended complaint curing the deficiencies identified above.

IT IS SO ORDERED.

Dated this \_\_\_\_\_6\_\_\_\_\_ day of July, 2018.

_____
MARCO A. HERNÁNDEZ
United States District Judge