IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LOURDES ORTEGA,

        Plaintiff,

v.

GIGI POMERANTZ, an individual; and
BARTON & ASSOCIATES, INC., a
foreign corporation,

        Defendants.

No. 3:18-cv-00451-HZ

OPINION & ORDER

Paul Krueger
Kymber Lattin
PAUL KRUEGER LAW FIRM, PC
4380 SW Macadam Avenue, Suite 450
Portland, OR 97239

    Attorney for Plaintiff

Alexander Wylie
Alejandra Torres
PREG O'DONNELL & GILLETT, PLLC
222 SW Columbia Street, Suite 650
Portland, OR 97201

    Attorneys for Defendant Barton & Associates

1- OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Lourdes Ortega brings claims for negligence and negligence per se against Defendants Gigi Pomerantz and Barton & Associates, Inc. and a claim for negligent entrustment against Defendant Barton & Associates. Defendant Barton & Associates moves for a second time to dismiss this action under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6).[1] For the reasons that follow, the Court grants in part and denies in part Defendant Barton & Associates' Motion to Dismiss Plaintiff's First Amended Complaint.

## BACKGROUND

Defendant Barton & Associates ("Defendant") is a "Delaware corporation with its principal place of business in Massachusetts." Indresano Decl. ¶ 2, ECF 5. Defendant "identifies open locum tenens positions at medical facilities and then pairs the medical facilities with one or more health care providers, who may fill various temporary clinical roles based on individual medical facility and community needs." *Id.* at ¶ 3. Defendant states that it does not own any property in Oregon or have any employees, offices, or assets in Oregon. *Id.* at ¶ 5. According to Defendant, less than 2% of Barton's total revenue comes from Oregon locum tenens clients, "[l]ess than 1% of providers in Barton's database indicate they reside in Oregon," "[l]ess than 2% of the medical facilities in Barton's database are located in Oregon," and "[o]nly 1.32% of the locum tenens assignments Barton has ever coordinated have been to medical facilities in Oregon." *Id.* at ¶¶ 6–8. Defendant contends that "not even a single Barton employee entered the State of Oregon for business prior to the date of the accident in this case." *Id.* at ¶ 9.

---

[1] Defendant Pomerantz answered on March 23, 2018, and does not join in this motion to dismiss. Answer, ECF 6.

Defendant contracted with One Community Health of Hood River, Oregon, to provide locum tenens—or temporary—health care providers to the health center. *Id.* at Ex. 2. Per the agreement, One Community Health would:

> [R]eview and verify Ms. Pomerantz's credentials and background, participate in any risk management activities related to her services, set Ms. Pomerantz's work schedule, pay for all reasonable and necessary travel expenses, provide clinical and professional direction and oversight for Ms. Pomerantz, and comply with all applicable legal requirements regarding Ms. Pomerantz's services such as HIPAA, OSHA, Medicare and Medicaid, and industry guidelines.

Def. Mot. 5, ECF 4 (citing Indresano Decl. Ex. 2). Defendant agreed to "assist with pre-placement procedures such as drug testing and background checks and to provide malpractice insurance covering Ms. Pomerantz." *Id.* at 6 (citing Indresano Decl. Ex 2. at 2). Defendant also provided weekly invoices to the health center based upon the weekly time sheets of its locum tenens providers. Indresano Decl. Ex. 2 ¶ 2.

Defendant Pomerantz, a resident of Wisconsin at the time the facts underlying this action arose, *id.* at Ex. 1 ¶ 1,[2] contracted with Defendant to provide temporary health services as a Nurse Practitioner, *id.* at Ex. 1 at 9. The agreement with Defendant Pomerantz is titled "Independent Contractor Agreement" and states that "[n]othing in this Agreement shall in any way be construed to render IC an agent, employee or representative of Barton." *Id.* at 3. Per the agreement, Defendant would reimburse Defendant Pomerantz for travel and lodging expenses while on assignment. *Id.* at 10 ¶ 5. The agreement also required Defendant Pomerantz to provide Defendant with a time sheet at the end of each week verified by the health center in order to receive payment. *Id.* at 9 ¶ 4. Defendant Pomerantz began her locum tenens service at the health center in Hood River, Oregon, on February 29, 2016. *Id.* at Ex. 3.

---

[2] At the time of filing, Defendant Pomerantz was a resident of the State of Washington. Notice of Removal ¶ 7.

3- OPINION & ORDER

Plaintiff alleges that Defendant had the right to control the means by which Defendant Pomerantz completed work on its behalf. First Am. Compl. ¶ 6, ECF 12. In support of this assertion, Plaintiff contends that Defendant had (1) control over the specific details of jobs completed on behalf of Defendant; (2) the manner the manner Defendant Pomerantz was paid; (3) the places she travelled to complete her work for Defendant; (4) when she would appear for an assignment; and (5) the kinds of tasks she would complete on behalf of Defendant. FAC ¶ 6. In addition, Defendant Pomerantz worked only for Defendant, did not maintain her own business, was vetted by Defendant to determine where she could work, and could not hire any additional individuals to assist her in completing her work. FAC ¶ 6. Defendant also bore the risk of loss for her work and was responsible for entering into the contracts with the entities where Defendant Pomerantz was working. FAC ¶ 6.

On February 28, 2016, Defendant Pomerantz—while driving a car rented through Avis Rent A Car System, Inc.—collided with a vehicle operated by Plaintiff, a resident of Oregon. FAC ¶ 8. Plaintiff contends that Defendant Barton & Associates "rented and obtained" the rental car and "granted permission to and generally entrusted defendant Gigi Pomerantz with possession and control of the vehicle." FAC ¶ 16; *see also* FAC ¶ 8 (alleging that either Defendant or Defendant Pomerantz—acting in the course and scope of her agency with Defendant—rented the car); Indresano Decl. ¶ 10 (admitting that Defendant had agreed to reimburse Defendant Pomerantz for the expense of the rental car). She also alleges that Defendant:

> [K]new, or in the exercise of reasonable care, should have known, that Defendant Gigi Pomerantz, lacked the maturity, licenses, skills, or competency to safely operate the motor vehicle due to her unfamiliarity with the roads and location where she was driving, unfamiliarity with the specific vehicle she was operating, fatigue and general life circumstances defendant Pomerantz was experiencing around the date and time of the collision.

FAC ¶ 17. Accordingly, Defendant was negligent in failing to provide sufficient training or supervision to Defendant Pomerantz, whose duties included driving the rental car to reach her work location. FAC ¶ 18.

Plaintiff alleges that the collision was caused by the negligence of Defendant Pomerantz while she was acting in the "course and scope of her agency/employment with Defendant[.]" FAC ¶¶ 5, 7. As a result of the accident, Plaintiff sustained physical injuries, including injuries to her back and knee, and incurred economic and noneconomic damages associated with her injuries. FAC ¶¶ 20–22.

## STANDARDS

### I. Failure to State a Claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n, Inc. v. City & Cnty. of S.F.*, 277 F.3d 1114, 1120 (9th Cir. 2002). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In other words, a complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

However, the court need not accept conclusory allegations as truthful. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint,

and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.") (internal quotation marks, citation, and alterations omitted). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

## II.  Personal Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal on the grounds that the court lacks personal jurisdiction. Plaintiff has the burden of showing personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

> If the district court decides the motion without an evidentiary hearing, which is the case here, then the plaintiff need only make a prima facie showing of the jurisdictional facts. Absent an evidentiary hearing this court only inquires into whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction. Uncontroverted allegations in the plaintiff's complaint must be taken as true. Conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor.

*Id*. (citations, internal quotation marks, and brackets omitted).

In diversity cases, the court looks to the law of the state in which it sits to determine whether it has personal jurisdiction over the non-resident defendant. *W. Helicopters, Inc. v. Rogerson Aircraft Corp.*, 715 F. Supp. 1486, 1489 (D. Or. 1989); *see also Boschetto*, 539 F.3d at 1015 ("When no federal statute governs personal jurisdiction, the district court applies the law of the forum state.").

Oregon Rule of Civil Procedure (ORCP) 4 governs personal jurisdiction issues in Oregon. Because Oregon's long-arm statute confers jurisdiction to the extent permitted by due process, *Gray & Co. v. Firstenberg Mach*. Co., 913 F.2d 758, 760 (9th Cir. 1990) (citing ORCP 4L; and *Oregon ex rel. Hydraulic Servocontrols Corp. v. Dale*, 294 Or. 381, 657 P.2d 211 (1982)), the court may proceed directly to the federal due process analysis, *see Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (when state long-arm statute reaches as far as the Due Process Clause, the court need only analyze whether the exercise of jurisdiction complies with due process); *see also Millennium Enters., Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907, 909 (D. Or. 1999) (because Oregon's catch-all jurisdictional rule confers personal jurisdiction coextensive with due process, the analysis collapses into a single framework and the court proceeds under federal due process standards).

To comport with due process, "the non-resident generally must have 'certain minimum contacts [with the forum state so that the exercise of jurisdiction] does not offend traditional notions of fair play and substantial justice.'" *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). The forum state may exercise either general or specific jurisdiction over a non-resident defendant. *Boschetto*, 539 F.3d at 1016.

## DISCUSSION

### I. Motion to Dismiss for Failure to State a Claim

For a second time, Defendant moves to dismiss Plaintiff's claims for negligence and negligence per se on the grounds that Defendant Pomerantz was not an employee of Defendant or acting in the scope of her alleged employment. Def. Mot. Dismiss FAC ("Def. Mot.") 10–13, ECF 13. Defendant also moves to dismiss Plaintiff's negligent entrustment claim because

Plaintiff has not adequately alleged that Defendant had control or ownership over the vehicle or a duty to investigate Defendant Pomerantz's competency in operating a motor vehicle. *Id.* at 12–13.

The Court finds that Plaintiff has failed to plausibly allege both that Defendant Pomerantz was acting in the course and scope of her employment and that Defendant owned, possessed, or otherwise exercised control over the vehicle such that it can be liable for negligent entrustment. Thus, the Court dismisses Plaintiff's negligence, negligence per se, and negligence entrustment claims against Defendant Barton & Associates.

A. Negligence & Negligence Per Se

Defendant moves to dismiss Plaintiff's negligence and negligence per se claims on the grounds that Plaintiff has not adequately alleged that Defendant Pomerantz was an employee or acting in the scope of her alleged employment. Def. Mot. 10–13. Under Oregon law, Plaintiff must prove five elements to succeed on a common-law negligence claim:

> (1) that defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of plaintiff's harm, and (5) that plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent.

*Son v. Ashland Cmty. Healthcare Servs.,* 239 Or. App. 495, 506, 244 P.3d 835 (2010) (citing *Solberg v. Johnson*, 306 Or. 84, 490–91, 760 P.2d 867 (1988)). When a defendant is alleged to have violated a law or ordinance, the defendant is alleged to have been negligent per se. *See Barnum v. Williams*, 264 Or. 71, 74, 504 P.2d 122 (1972) ("We have repeatedly held that violation of a law or ordinance is negligence or contributory negligence in itself, i.e., per se."). With some exceptions, "the question of whether the actor acted as a reasonably prudent person is

Plaintiff has not adequately alleged that Defendant had control or ownership over the vehicle or a duty to investigate Defendant Pomerantz's competency in operating a motor vehicle. *Id.* at 12–13.

The Court finds that Plaintiff has failed to plausibly allege both that Defendant Pomerantz was acting in the course and scope of her employment and that Defendant owned, possessed, or otherwise exercised control over the vehicle such that it can be liable for negligent entrustment. Thus, the Court dismisses Plaintiff's negligence, negligence per se, and negligence entrustment claims against Defendant Barton & Associates.

A. Negligence & Negligence Per Se

Defendant moves to dismiss Plaintiff's negligence and negligence per se claims on the grounds that Plaintiff has not adequately alleged that Defendant Pomerantz was an employee or acting in the scope of her alleged employment. Def. Mot. 10–13. Under Oregon law, Plaintiff must prove five elements to succeed on a common-law negligence claim:

> (1) that defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of plaintiff's harm, and (5) that plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent.

*Son v. Ashland Cmty. Healthcare Servs.,* 239 Or. App. 495, 506, 244 P.3d 835 (2010) (citing *Solberg v. Johnson*, 306 Or. 84, 490–91, 760 P.2d 867 (1988)). When a defendant is alleged to have violated a law or ordinance, the defendant is alleged to have been negligent per se. *See Barnum v. Williams*, 264 Or. 71, 74, 504 P.2d 122 (1972) ("We have repeatedly held that violation of a law or ordinance is negligence or contributory negligence in itself, i.e., per se."). With some exceptions, "the question of whether the actor acted as a reasonably prudent person is

irrelevant; the only question is, did the actor violate the statute?" *Id.* at 75–78 (finding "fault" a relevant factor in whether a defendant was negligent per se in automobile litigation).

"In general, a principal is liable for all torts committed by its employees while acting within the scope of their employment." *Vaughn v. First Transit, Inc.*, 346 Or. 128, 137, 206 P.3d 181 (2009) (citing *Minnis v. Oregon Mutual Ins. Co.*, 334 Or. 191, 201, 48 P.3d 137 (2002)). To conclude that an employee was acting within the course and scope of their employment, the plaintiff must demonstrate three things: (1) "the act occurred substantially within the time and space limits authorized by the employment"; (2) "the employee was motivated, at least partially, by a purpose to serve the employer"; and (3) "the act is of a kind which the employee was hired to perform." *Chesterman v. Barmon*, 305 Or. 439, 442, 753 P.2d 404, 406 (1988); *see also G.L. Kaiser Found. Hosps., Inc.*, 305 Or. 54, 60–61, 757 P.2d 1347 (1988).

Whether an individual is an employee under Oregon law is determined by the "right to control" test. *Vaughn*, 346 Or. at 137. Courts ask whether the individual "is a person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or right to control." *Schaff v. Ray's Land & Sea Food Co., Inc.*, 334 Or. 94, 100, 45 P.3d 936 (2002) (citing Restatement (Second), Agency § 220(1) (1958)). Though the determination is a "legal conclusion," it "depends on a factual determination of the extent to which the purported employer has the right to control the performance of services by an individual." *Id.* at 99–100. While the terms of an agreement describing an individual as an "independent contractor" are not dispositive, "they are evidence of such a relationship." *Id.* at 104 (citing *Jenkins v. AAA Heating & Cooling, Inc.*, 245 Or 382, 384–85, 421 P.2d 971 (1966)).

In its previous decision, the Court indicated that Plaintiff had not adequately alleged that Defendant Pomerantz was an employee under Oregon law. O&O at 9, ECF 11. Plaintiff now alleges that Defendant had control over specific details of the jobs Defendant Pomerantz completed, how she was paid, where she travelled, when she would appear for assignments, and the tasks she would complete. FAC ¶ 6. Defendant Pomerantz also did not maintain her own business, nor could she hire other individuals to assist her in her work. FAC ¶ 6. Thus, to some extent, Defendant is alleged to have had the right to control Defendant Pomerantz's conduct in the performance of her services.

However, Plaintiff has not made any allegations from which the Court can find that Defendant Pomerantz was acting in the course and scope of her employment when she got into the car accident. Plaintiff merely asserts that Defendant Pomerantz was "acting within the course and scope of her agency/employment with Defendant Barton & Associates." FAC ¶¶ 5, 7. But Plaintiff must "identify and sufficiently plead a connection" between the alleged tortious acts and the acts that the employee was hired to perform. *Whelan v. Albertson's, Inc.*, 129 Or. App. 501, 508, 879 P.2d 888 (1994). Here, there are no facts to suggest—one way or the other—that this act was taken within the time and space limits authorized by performance, was motivated by a purpose to serve Defendant, and of the kind she was hired to perform. Defendant Pomerantz was allegedly employed by Defendant to provide services as a nurse practitioner or medical care giver, FAC ¶ 5, and there is no connection between these services and the negligent acts. Accordingly, the Court dismisses Plaintiff's first and second claims for negligence and negligence per se.

///

///

B. Negligent Entrustment

Under Oregon law, "[a] plaintiff in a negligent entrustment case must prove that there was an entrustment and that the entrustment was negligent." *Piskorski v. Ron Tonkin Toyota, Inc.*, 179 Or. App. 713, 718–19, 41 P.3d 1088 (2002) (citing *Mathews v. Federated Service Ins. Co.*, 122 Or. App. 124, 133, 857 P.2d 852 (1993)). Where there is no special relationship between the plaintiff and the defendant, the plaintiff has to "allege that [the defendant's] entrustment was unreasonable under the circumstances, that it caused harm to plaintiff and that the risk of harm to plaintiff (or the class of persons to whom he belongs) was reasonably foreseeable." *Mathews*, 122 Or. App. at 133–34. Further, in order to show that there has been negligent entrustment, the plaintiff must demonstrate that the defendant "owned, possessed, or otherwise exercised control" over the vehicle. *See Barber v. George*, 144 Or. App. 370, 374, 927 P.2d 140 (1996) ("Because plaintiffs failed to show that defendants owned, possessed, or otherwise exercised control over the Bronco, their claim for negligent entrustment necessarily fails.").

Defendant again argues that Plaintiff fails to state a claim for relief for negligent entrustment. This Court agrees. Plaintiff has not alleged facts to suggest that Defendant had ownership or control over the vehicle such that it was Defendant's vehicle to entrust to Defendant Pomerantz. As stated previously, Plaintiff's allegation that Defendant facilitated the rental agreement is inadequate to state a claim for negligent entrustment, and there are no allegations that Defendant wielded such control over the vehicle as to prevent Defendant Pomerantz from obtaining it. *See Barber*, 144 Or. App. at 372, 374 (affirming the trial court's decision to grant summary judgment to the defendants on the plaintiff's negligent entrustment claim where the defendants had provided their son with money to purchase a vehicle but had not

otherwise "owned, possessed, or exercised control over" the vehicle). Accordingly, this claim is also dismissed.

## II. Motion to Dismiss for Lack of Personal Jurisdiction

Defendant also moves a second time to dismiss Plaintiff's claims on the grounds that this Court does not have personal jurisdiction over Defendant. Specifically, Defendant brings to the attention of the Court the U.S. Supreme Court case *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco*, 137 S.Ct. 1773 (2017). Defendant contends that this case demonstrates that personal jurisdiction is lacking here.

The issue in *Bristol-Myers Squibb* was whether California courts had specific jurisdiction over the claims of nonresident plaintiffs. 137 S.Ct. 1773 (2017). There, a group of plaintiffs— most of whom were not residents of California—sued the defendant in California state court alleging that its drug had damaged their health. *Id.* at 1777.[3] The defendant was incorporated in Delaware, headquartered in New York, maintained substantial operations in New York and New Jersey, and engaged in business activities—such as research—in California. *Id.* at 1777–78. The drug in question was not developed, labeled, packaged, or manufactured in California, nor did the defendant create a marketing strategy for the drug in California or work on regulatory approval there. *Id.* at 1778. And the nonresident plaintiffs did not allege that they obtained the drug through California physicians or that they were injured or treated in California. *Id.*

Emphasizing that there must be "'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum state'" for a court to exercise specific jurisdiction over a claim, the Court held that personal jurisdiction was not present. *Id.* at 1781 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915,

---

[3] Notably, the Court did not address the issue of whether jurisdiction over the claims brought by resident plaintiffs was proper because it was never challenged by the defendant. *Bristol-Myers Squibb*, 137 S.Ct. at 1779.

919 (2011)). The nonresident plaintiffs and their injuries had no connection to California. *Id.* at 1782. The Court noted that the relationship with a third party—there, the resident plaintiffs who had suffered similar injuries from obtaining or ingesting the drug in California—was insufficient alone to warrant the exercise of personal jurisdiction. *Id.* at 1781. The Court further found that the "bare fact" that defendant contracted with a distributor in California was not enough to establish jurisdiction. *Id.* at 1783. The plaintiffs did not allege that the distributor and the defendant engaged in acts together in California, or that the defendant was derivatively liable for the distributor's acts. *Id.*

The present case is readily distinguishable. Here, Plaintiff is a resident of Oregon. The alleged tortious conduct occurred in Oregon. Plaintiff suffered injury in Oregon. And the basis for jurisdiction in this case is not merely the third-party contract with One Community Health, as Defendant suggests. Def. Mot. 8–10. Rather, it is the fulfillment of that contract. As stated previously:

> Relevant to this case, in January of 2016, Defendant fulfilled the contract by providing the health center with the services of Defendant Pomerantz for a period of two months in Oregon. Indeed, Defendant states that Defendant Pomerantz was presumably in Hood River, Oregon, as a result of this placement on the day of the accident, and Plaintiff alleges that Defendant Pomerantz was acting in the course and scope of her "agency/employment" at the time of the accident[.]

O&O at 15 (citations omitted). Thus, unlike in *Bristol-Myers Squibb* where there was no connection between the defendant's actions in the forum state and nonresidents of the forum, there is an affiliation here between the forum and the controversy. Defendant is alleged to be vicariously liable for the tortious acts of its employee, who it sent *to the forum* to fulfill an ongoing obligation with an entity in the forum. Thus, the Court finds that— under the specific circumstances of this case—Plaintiff has met her burden of making a *prima facie* showing of personal jurisdiction.

## CONCLUSION

Defendant Barton & Associates' Motion to Dismiss Plaintiff's First Amended Complaint [13] is GRANTED in part and DENIED in part. Plaintiff's claims for negligence, negligence per se, and negligent entrustment are dismissed against Defendant Barton & Associates. Plaintiff may file a second amended complaint within fourteen days of this Opinion & Order.

IT IS SO ORDERED.

Dated this \_\_\_11\_\_\_ day of \_\_\_Dec\_\_\_, 2018.

_____
MARCO A. HERNÁNDEZ
United States District Judge