IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LOURDES ORTEGA,

        Plaintiff,

v.

GIGI POMERANTZ, an individual; and
BARTON & ASSOCIATES, INC., a
foreign corporation,

        Defendants.

No. 3:18-cv-00451-HZ

OPINION & ORDER

Paul Krueger
Kymber Lattin
PAUL KRUEGER LAW FIRM, PC
4380 SW Macadam Avenue, Suite 450
Portland, OR 97239

    Attorneys for Plaintiff

Alexander Wylie
Alejandra Torres
PREG O'DONNELL & GILLETT, PLLC
222 SW Columbia Street, Suite 650
Portland, OR 97201

    Attorneys for Defendant Barton & Associates

HERNÁNDEZ, District Judge:

Plaintiff Lourdes Ortega brings claims for negligence and negligence per se against Defendants Gigi Pomerantz and Barton & Associates, Inc. Defendant Barton & Associates moves for a third time to dismiss this action under Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons that follow, the Court denies Defendant Barton & Associates' Motion to Dismiss Plaintiff's Second Amended Complaint.

## BACKGROUND

Defendant Barton & Associates ("Defendant") is a "Delaware corporation with its principal place of business in Massachusetts." Indresano Decl. ¶ 2, ECF 5. Defendant "identifies open locum tenens positions at medical facilities and then pairs the medical facilities with one or more health care providers, who may fill various temporary clinical roles based on individual medical facility and community needs." *Id.* at ¶ 3. In the present case, Defendant contracted with One Community Health of Hood River, Oregon, to provide locum tenens health care providers to the health center. *Id.* at Ex. 2.

Defendant Pomerantz, a resident of Wisconsin at the time the facts underlying this action arose, *id.* at Ex. 1 ¶ 1,[2] contracted with Defendant to provide temporary medical services at One Community Health as a nurse practitioner, *id.* at Ex. 1 at 9. The agreement with Defendant Pomerantz is titled "Independent Contractor Agreement" and states that "[n]othing in this Agreement shall in any way be construed to render IC an agent, employee or representative of Barton." *Id.* at 3. Per the agreement, Defendant would reimburse Defendant Pomerantz for travel and lodging expenses while on assignment. *Id.* at 10 ¶ 5. The agreement also required Defendant

---

[1] Defendant Pomerantz answered on March 23, 2018, and does not join in this motion to dismiss. Answer, ECF 6.
[2] At the time of filing, Defendant Pomerantz was a resident of the State of Washington. Notice of Removal ¶ 7.

Pomerantz to provide Defendant with a time sheet at the end of each week verified by the health center in order to receive payment. *Id.* at 9 ¶ 4. Defendant Pomerantz began her locum tenens service at the health center in Hood River, Oregon, on February 29, 2016. *Id.* at Ex. 3.

Plaintiff alleges that Defendant had the right to control the means and manner by which Defendant Pomerantz completed work on its behalf. Second Am. Compl. ("SAC") ¶ 7, ECF 18. In support of this assertion, Plaintiff contends that Defendant had control over: (1) the specific details of jobs completed on behalf of Defendant; (2) the manner in which Defendant Pomerantz was paid; (3) the places she traveled to complete her work for Defendant; (4) when she would appear for an assignment; and (5) the kinds of tasks she would complete on behalf of Defendant. SAC ¶ 7. In addition, Defendant Pomerantz worked only for Defendant, did not maintain her own business, was vetted by Defendant to determine where she could work, and could not hire any additional individuals to assist her in completing her work. SAC ¶ 7. Defendant also bore the risk of loss for her work and was responsible for entering into the contracts with the entities where Defendant Pomerantz was working. SAC ¶ 7.

On February 28, 2016, Defendant Pomerantz—while driving a car rented through Avis Rent A Car System, Inc.—collided with a vehicle operated by Plaintiff, a resident of Oregon. SAC ¶¶ 8, 9. Plaintiff alleges that the collision was caused by the negligence of Defendant Pomerantz while she was acting in the "course and scope of her agency/employment with Defendant[.]" SAC ¶¶ 5, 8. Specifically, Plaintiff alleges that she "generally operated, behaved and acted within the time and space dictated by [Defendant] as she was to begin working the next morning, . . . and was required to travel from her home in Wisconsin to appear at One Community Health to fulfill her contract of employment with [Defendant]." SAC ¶ 6(a). Defendant Pomerantz was allegedly traveling to her lodging, gathering supplies, and

familiarizing herself with the location she was required to work for Defendant at the time of the accident. SAC ¶ 6(b)–(c) (noting that Defendant Pomerantz was required to travel to and from her lodging—paid for by Defendant—in performing her services for One Community Health). Plaintiff also alleges that Defendant furnished and maintained her rental vehicle and lodging SAC ¶¶ 6(b), 8–9; *see also* Indresano Decl. ¶ 10 (admitting that Defendant had agreed to reimburse Defendant Pomerantz for the expense of the rental car).

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n, Inc. v. City & Cnty. of S.F.*, 277 F.3d 1114, 1120 (9th Cir. 2002). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In other words, a complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

However, the court need not accept conclusory allegations as truthful. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.") (internal quotation marks, citation, and alterations omitted).

A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

## DISCUSSION

For a third time, Defendant moves to dismiss Plaintiff's claims for negligence and negligence per se on the grounds that Defendant Pomerantz was not an employee of Defendant or acting in the scope of her alleged employment at the time of the accident. Def. Mot. Dismiss FAC ("Def. Mot.") 10–13, ECF 20. Under Oregon law, Plaintiff must prove five elements to succeed on a common-law negligence claim:

> (1) that defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of plaintiff's harm, and (5) that plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent.

*Son v. Ashland Cmty. Healthcare Servs.*, 239 Or. App. 495, 506, 244 P.3d 835 (2010) (quoting *Solberg v. Johnson*, 306 Or. 84, 490–91, 760 P.2d 867 (1988)). When a defendant is alleged to have violated a law or ordinance, the defendant is alleged to have been negligent per se. *See Barnum v. Williams*, 264 Or. 71, 74, 504 P.2d 122 (1972) ("We have repeatedly held that violation of a law or ordinance is negligence or contributory negligence in itself, i.e., per se."). With some exceptions, "the question of whether the actor acted as a reasonably prudent person is irrelevant; the only question is, did the actor violate the statute?" *Id.* at 75–78.

"In general, a principal is liable for all torts committed by its employees while acting within the scope of their employment." *Vaughn v. First Transit, Inc.*, 346 Or. 128, 137, 206 P.3d 181 (2009) (citing *Minnis v. Oregon Mutual Ins. Co.*, 334 Or. 191, 201, 48 P.3d 137 (2002)). To conclude that an employee was acting within the course and scope of their employment, the plaintiff must demonstrate three things: (1) "the act occurred substantially within the time and space limits authorized by the employment"; (2) "the employee was motivated, at least partially, by a purpose to serve the employer"; and (3) "the act is of a kind which the employee was hired to perform." *Chesterman v. Barmon*, 305 Or. 439, 442, 753 P.2d 404, 406 (1988); *see also G.L. Kaiser Found. Hosps., Inc.*, 305 Or. 54, 60–61, 757 P.2d 1347 (1988).

Whether an individual is an employee under Oregon law is determined by the "right to control" test. *Vaughn*, 346 Or. at 137. Courts ask whether the individual "is a person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or right to control." *Schaff v. Ray's Land & Sea Food Co., Inc.*, 334 Or. 94, 100, 45 P.3d 936 (2002) (citing Restatement (Second), Agency § 220(1) (1958)). Though the determination is a "legal conclusion," it "depends on a factual determination of the extent to which the purported employer has the right to control the performance of services by an individual." *Id.* at 99–100. While the terms of an agreement describing an individual as an "independent contractor" are not dispositive, "they are evidence of such a relationship." *Id.* at 104 (citing *Jenkins v. AAA Heating & Cooling, Inc.*, 245 Or 382, 384–85, 421 P.2d 971 (1966)).

Taking Plaintiff's allegations as true, the Court finds that Plaintiff has adequately alleged that: (1) Defendant had the right to control Defendant Pomerantz; and (2) Defendant Pomerantz was acting in the course and scope of her alleged employment at the time of the accident. First,

as described this Court's prior decision, Plaintiff has plausibly alleged that Defendant had the right to control Defendant Pomerantz and was, therefore, her employer under Oregon law. Opinion & Order 10, ECF 17.

As to the second issue, the Court finds that Plaintiff has now plausibly alleged that Defendant Pomerantz was acting within the course and scope of her employment. Though Defendant is correct that the "coming-and-going rule" applicable to tort actions typically provides that "injuries sustained while an employee is traveling to or from work do not occur in the course of employment," Def. Mot. 8; *Krushwitz v. McDonald's Restaurants of Oregon, Inc.*, 323 Or. 520, 527, 919 P.2d 465, 469 (1996), the Oregon Supreme Court has indicated that there are some exceptions to the "coming-and-going" rule:

> Where the employer furnishes transportation to the place of work or the employee travels over a way expressly or impliedly authorized by the employer, or while the employee is traveling upon the premises of the employer; where the employee is using an automobile furnished by the employer or bringing property pertaining to the employer's business.
>
> Other exceptions are where the employer pays extra compensation to cover the cost of transportation or compensates the employee for the period of time when he is going to or from work.

*Heide v. T.C.I. Inc.*, 264 Or. 535, 539, 506 P.2d 486 (1973) (internal citations, brackets, and ellipses omitted); *see also Krushwitz*, 323 Or. at 528 (noting that a "special errand exception" applies to the coming-and-going rule where "*either* the employee was acting in the furtherance of the employer's business at the time of the injury *or* the employer had a right to control the employee's travel in some respect."). Further, in the workers' compensation context, "injuries sustained by traveling employees" may be deemed within the "course of employment."[3] *See*

---

[3] The Court cautions, however, that workers' compensation caselaw may not be applicable to the common-law vicarious liability context. *See Schaff*, 334 Or. at 940 n.3 (cite); *see also Runyan v. Pickerd*, 86 Or. App. 542, 740 P.2d 209 (1987) ("No policy factors of corresponding force, and nothing in Oregon case law, supports plaintiff's thesis that the going and coming rule or other

7- OPINION & ORDER

*Beaudry v. SAIF Corp.*, 288 Or. App. 139, 141, 404 P.3d 1107 (2017); *Sosnoski v. SAIF Corp.*, 184 Or. App. 88, 93, 55 P.3d 533 (2002) (internal citations and quotations omitted) ("A traveling employee is continuously within the course and scope of employment while traveling, except when the person has engaged in a distinct departure on a personal errand. In determining whether a distinct departure occurred, we consider whether the activity that resulted in the injury was 'reasonably related' to the employee's travel status.").

Viewing the allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has plausibly alleged that Defendant Pomerantz was acting in the course and scope of her employment under Oregon law. Defendant Pomerantz was allegedly acting within the time and space dictated by Defendant because, on the day of the accident, she was traveling from her home in Wisconsin to fulfill her obligations under her contract with Defendant Barton in Hood River, Oregon, where she was to begin a locum tenens position the following day. SAC ¶ 6(a). She was at least, in part, motivated by her service to Defendant at the time of the collision because she was "traveling to her lodging . . . , gathering necessary supplies, and generally familiarizing herself with the location she was required to work for [Defendant]." SAC ¶ 6(b). Finally, Plaintiff alleges that these activities were of the type that Defendant Pomerantz was hired as a locum tenens nurse practitioner at One Community Health as she was required to travel from Wisconsin to Oregon and "to and from the lodging paid for by [Defendant] to perform such services." SAC ¶ 6(a), (c).  In addition, Defendant paid for her lodging as well as the cost of her travel and rental vehicle, lending further support for Plaintiff's allegation that Defendant Pomerantz was acting in the course and scope of her employment that day. SAC ¶ 6; *see also Heide*, 264 Or. at 539. Based on the foregoing, the Court cannot conclude that as a

---

rules concerned with whether activity is in the course and scope of employment should be applied as liberally to attach vicarious liability to employers as they are to assure that injured workers obtain compensation.").

matter of law Defendant Pomerantz was not acting in the course and scope of her employment at the time of the accident. Accordingly, the Court denies Defendant's motion.

## CONCLUSION

Defendant Barton & Associates' Motion to Dismiss Plaintiff's Second Amended Complaint [20] is DENIED.

IT IS SO ORDERED.

Dated this 29 day of May, 2019.

_____
MARCO A. HERNÁNDEZ
United States District Judge